UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-7-16
```

-----------------------------------------------------------X

JI YUN LEE,

                *Petitioner*,

   -*against*-

UNITED STATES OF AMERICA,

                *Respondent.*

16 Civ. 1047 (PAC)
13 Cr. 290 (PAC)

**OPINION & ORDER**

-----------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

On August 20, 2014, Petitioner Ji Yun Lee ("Lee") pleaded guilty, pursuant to a plea agreement, to conspiring to distribute and possessing to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846. As part of the plea agreement, Lee agreed not to file a direct appeal or to collaterally challenge in a § 2255 application any sentence within or below the stipulated guideline range of 210 to 262 months of imprisonment. On January 13, 2015, the Court sentenced Lee to 120 months of imprisonment.

Notwithstanding his agreement not to appeal, Lee filed a notice of appeal on January 23, 2015. Dkt. 123. He failed to perfect his appeal; and the Second Circuit dismissed it on September 15, 2015. Dkt. 153. On January 19, 2016, Lee filed a § 2255 petition to vacate his sentence claiming his sentence is substantively unreasonable compared to those of his co-defendants; and his attorney was ineffective for failing to argue at sentencing that Lee's need to care for his ailing co-defendant father warranted a variance.

This brazen argument violates the plea agreement; is absolutely without merit; and is close to the tale of the defendant who after murdering his parents pleads for leniency on the grounds of

his orphanage.[1]  The Court DENIES the § 2255 petition.

## BACKGROUND

On April 17, 2013, Lee was indicted for engaging in a scheme with his father Hi Jong Lee ("Hi Jong"), a licensed pharmacist who owned the pharmacy, and sister-in-law Christina Chai to sell hundreds of thousands of oxycodone tablets through fraudulent prescriptions.  Dkt. 13.  On August 20, 2014, Lee pleaded guilty before Magistrate Judge Gabriel W. Gorenstein, pursuant to a written plea agreement.  In the plea agreement, Lee agreed to a stipulated guideline range of 210 to 262 months of imprisonment, which includes a two offense level enhancement, pursuant to U.S.S.G. § 3B1.1, because Lee was "an organizer, leader, manager or supervisor of the criminal activity."  Dkt. 159, Ex. 1 at 3.  The parties agreed, however, that Lee should be sentenced in accordance with the November 1, 2013 version of the Sentencing Guidelines, under which the applicable sentencing range is 168 to 210 months of imprisonment.  *Id.*  The plea agreement also provides that Lee "will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 . . . of any sentence within or below the Stipulated Guidelines Range of 210 to 262 months' imprisonment."  *Id.* at 4.

At the plea hearing, Lee affirmed under oath that he had discussed the charges against him with his attorney and was satisfied with his attorney's advice, he had in fact committed the offense charged, he was "100 percent certain" of his decision to plead guilty, he did so voluntarily and of his own free will, and he understood that he would be bound by his guilty plea even if he was "surprised or disappointed or shocked by [his] sentence."  Dkt. 159, Ex. 2 at 5, 10, 13, 14.  He further affirmed that he had read and signed the plea agreement after discussing its terms with his

---

[1] *See* Alex Kozinski & Eugene Volokh, *Lawsuit, Shmawsuit*, 103 Yale L.J. 463, 467 (1993) ("The most famous definition of 'chutzpah' is, of course, itself law-themed: chutzpah is when a man kills both his parents and begs the court for mercy because he's an orphan.").

attorney, and he understood that he was forfeiting his right "to appeal whatever sentence the judge gives or to challenge it in any other way, such as through a writ of habeas corpus." *Id.* at 11, 13. The Magistrate Judge accepted the guilty plea as voluntary and based on a sufficient factual basis. *Id.* at 17.

On January 13, 2015, the Court sentenced Lee. The Court held that the applicable guideline range, based on the parties' stipulation in the plea agreement, was 168 to 210 months. Dkt. 159, Ex. 3 at 2-3. The Court weighed the § 3553(a) sentencing factors—including that Lee engaged in illegal conduct "at the expense of his co-defendants"—and sentenced Lee to 120 months of imprisonment, well below the guideline range. *Id.* at 8-9. The Court later sentenced Hi Jong to 24 months of imprisonment and Chai to five years of probation, including two months of home incarceration and four months of home confinement. Dkt. 140, 150.

## DISCUSSION

Lee's claims are barred by the plea agreement's appeal waiver, which expressly bars a § 2255 petition challenging a sentence below the agreed-upon guideline range. Dkt. 159, Ex. 1 at 3. "Waivers of the right to appeal a sentence are presumptively enforceable." *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010). Appeal waivers are unenforceable "only in very limited situations, such as when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors . . . , when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence." *Id.*

None of these exceptions are applicable. Lee's waiver was knowing and voluntary, the sentence was properly imposed, and the Court enunciated its rationale for the below-guidelines sentence. It is irrelevant that "Petitioner does not challenge the manner in which the sentencing guideline range was calculated"; the appeal waiver bars *all* § 2255 challenges. Dkt. 162 at 3. And

3

since Lee only alleges ineffective assistance at sentencing, his petition does not fall under the narrow exception for challenges alleging ineffective assistance in the decision to plead guilty. *See Parisi v. United States*, 529 F.3d 134, 139 (2d Cir. 2008).

All that aside, Lee's claims are utterly meritless. As to the first claim, "[a] district court is [] not compelled to consider the differences between co-defendants' sentences and any disparity, by itself, cannot serve as the basis for relief under 28 U.S.C. § 2255." *Ingram v. United States*, 2012 U.S. Dist. LEXIS 181837, at *14-15 (S.D.N.Y. Dec. 21, 2012). And the disparity here was entirely warranted. As the Court found at Hi Jong's sentencing, Lee "was unquestionably the primary operator of this scheme and its driving force. . . . [Lee] was the primary wrongdoer in this." Dkt. 142 at 27-28. Lee accepted the facts as set forth in the Pre-Sentence Report, which provides that Lee was "a manager of the criminal activity because [he] provided the price of the fraudulently distributed oxycodone, distributed the oxycodone to individuals that were not actually prescribed Oxycodone and received cash payments, in at least one instance literally pocketing the cash." PSR ¶ 45. And Lee all but conceded his greater culpability by agreeing to a sentencing enhancement for his managerial role. Dkt. 159, Ex. 1 at 3. His argument now that there is an "unwarranted disparity" in his sentence is flatly unsupported by the record.

As to the second claim, it takes a brassy dose of temerity for Lee to argue that he was entitled to leniency to care for his ailing father because Lee is the operative cause of Hi Jong's participation in the criminal scheme and for his incarceration. Hi Jong is now serving a 24-month prison term, which at his advanced age is a substantial sentence. It is an understatement to say Lee ran the criminal operation "at the expense of his co-defendants." Dkt. 159, Ex. 3 at 8. Further, Lee's brother Jae testified that Lee's relationship with his father was strained to the point that, even though they lived in the same house, Hi Jong called Jae in California to help with his affairs rather than ask Lee. Dkt. 85 at 1248-55. As such, Lee's counsel was not ineffective for failing to seek a

4

variance on this entirely unpersuasive ground.

## CONCLUSION

The Court DENIES the § 2255 petition. As Lee has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Clerk is directed to enter judgment, terminate Docket 155 in 13 cr 290, and terminate 16 cv 1047.

Dated: New York, New York  
June 7, 2016

SO ORDERED

*[signature]*

PAUL A. CROTTY  
United States District Judge